**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YEASAYER, LLC, a New York Limited Liability Company; WE ARE FREE, LLC, a New York Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> ABEL MAKKONEN TESFAYE p/k/a THE WEEKND, an individual; KENDRICK LAMAR DUCKWORTH, an individual; DOC MCKINNEY, an individual; ADAM KING FEENEY, an individual; UMG RECORDINGS, INC., a Delaware Corporation, individually and doing business as INTERSCOPE RECORDS and AFTERMATH RECORDS; TOP DAWG ENTERTAINMENT, INC., a California Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiffs Yeasayer, LLC and We Are Free, LLC, by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

1

## Jurisdiction & Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a).


## Parties

4. At all times mentioned herein Plaintiff Yeasayer, LLC ("Yeasayer") was a New York Limited Liability Company.

5. At all times mentioned herein Plaintiff We Are Free, LLC ("We Are Free")(together with Yeasayer, "Plaintiffs") was a New York Limited Liability Company.

6. At all times mentioned herein Defendant Abel Makkonen Tesfaye p/k/a The Weeknd (collectively "Weeknd") was an individual residing in this District.

7. At all times mentioned herein Defendant Kendrick Lamar Duckworth ("Duckworth") was an individual residing in this District.

8. At all times mentioned herein Defendant Adam King Feeney p/k/a Frank Dukes (collectively "Dukes") was an individual residing and conducting business in Los Angeles, California.

9. At all times mentioned herein Defendant Doc McKinney ("McKinney") was an individual conducting business in Los Angeles, California.

10. At all times mentioned herein Defendant UMG Recordings, Inc., individually and doing business as "Interscope Records" and "Aftermath Records" (collectively "Universal") was a Delaware corporation with offices in Santa Monica, California.

11. At all times mentioned herein Top Dawg Entertainment, Inc. ("Top Dawg") was a corporation existing and doing business in California.

12. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiffs are informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

Factual Background

14. Yeasayer is a Brooklyn-based rock band comprised of Chris Keating, Ira Wolf Tuton, and Anand Wilder.

15. Yeasayer and We Are Free participated in the creation of the material at issue and are copyright authors and/or claimants for the recording and composition of said work.

16. In 2007, Plaintiffs produced, released, and distributed, an album entitled "All Hour Cymbals" which included the track "Sunrise." The album has been registered with the United States Copyright Office and a copy of that registration is attached hereto as **Exhibit A**.

17. "Sunrise" includes the recording of a distinctive choral performance, which Plaintiffs created and recorded using their own voices. This material was specifically created for use in "Sunrise" and is unique, comprised of male voices singing in their highest registers, with animated, pulsing vibrato, and developed via distinctive audio post-processing.

18. On February 2, 2018, Universal and Top Dawg released the single "Pray for Me," produced by McKinney and Dukes and featuring vocals by the Weeknd and Duckworth

19. "Pray for Me" was included in the Marvel Studios superhero film "Black Panther" and on the film's soundtrack album.

20. Defendants extracted Plaintiffs' choral performance from a recording of "Sunrise," slightly modified it, including, on information and belief, via postprocessing to alter its pitch, among other qualities, and then inserted the modified audio material into "Pray for Me." The material copied from "Sunrise" is a material and substantial portion of "Pray for Me."

21. Defendants processed and created an unauthorized derivative work from Plaintiffs' original "Sunrise" recording by transposing the material, keeping the same number of voices in the same configuration, brightening the material, and temporarily condensing the copied portion while generally retaining the original's pulsing vibrato.

22. Despite the processing, Defendants' use of Plaintiffs' song nonetheless retains each of its inherent characteristics, as well as the relation between those characteristics, and is immediately recognizable as Plaintiffs' material.

4

23. Plaintiffs are informed and believe, and thereon allege, that Defendants modified the portion they copied from "Sunrise" with the intent to conceal the infringement.

24. "Pray for Me" includes at least eight discrete reproductions of the Plaintiffs' "Sunrise" material. The material from "Sunrise" is the primary feature of two complete verses, including the final verse. The material is at least substantially similar in both "Pray for Me" and "Sunrise."

25. Defendants continue to exploit and receive monies from the infringing "Pray for M" song and its recording in violation of Plaintiffs' rights in their original and propriety "Sunrise" song and the recording thereof. Defendants' wrongful copying and/or exploitation of Plaintiffs' copyrighted material has also allowed for further infringement abroad.

<u>First Claim for Relief</u>

(For Copyright Infringement—Against all Defendants, and Each)

26. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

27. Plaintiffs are the sole and exclusive owners of "Sunrise."

28. "Sunrise" is registered with the U.S. Copyright Office.

29. "Sunrise" is an original work of authorship and includes the distinctive choral performance described hereinabove.

30. Defendants had access to the "Sunrise" because "All Hour Cymbals" and "Sunrise" were widely distributed on CD and vinyl and available on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

31. In addition, Defendants "sampling" (direct extraction and reproduction of the choral performance) of material from Plaintiffs' sound recording of "Sunrise" establishes access by way of striking similarity.

32. Defendants, and each of them, infringed Plaintiffs' rights by extracting a material amount of music from "Sunrise" and reproducing it in "Pray for Me," without Plaintiffs' authorization or consent.

33. Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display, and creation of the infringing work, "Pray for Me." The foregoing acts infringes Plaintiffs' rights under the Copyright Act. Such exploitation included, without limitation, Defendants', and each of them, distributing and broadcasting "Pray for Me" on radio, television, film, and streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube, selling recordings of "Pray for Me" and performing "Pray for Me" live.

34. Due to Defendants', and each of their, acts of infringement, Plaintiffs' have suffered actual, general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in Plaintiffs' copyrighted sound recordings. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the sound recordings in an amount to be established at trial.

36. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

Second Claim for Relief

(For Vicarious and/or Contributory Copyright Infringement—Against all
Defendants, and Each)

37. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

38. Plaintiffs are informed and believe and now allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of "Pray for Me" as alleged above. Specifically, the producers (including Universal) underwrote, facilitated, and participated in the other Defendants' infringement during the creation of "Pray for Me." Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "Pray for Me."

39. Plaintiffs are informed and believe and now allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the involved in the infringement had the ability to oversee the publication and distribution of "Pray for Me." And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "Pray for Me" featuring material appropriated from "Sunrise."

40. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights. As such,

Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in their copyrighted sound recordings in an amount to be established at trial.

42. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

Third Claim for Relief

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202—<br>Against all Defendants, and Each))

43. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

44. Plaintiffs are informed and believe and now allege that "All Hour Cymbals," as distributed on CD, contained Content Management Information ("CMI"), including but not limited to CD-text and/or other metadata identifying the album and each of its tracks, and identifying Yeasayer as author and owner of the works and their copyrights. One example of Plaintiffs' CMI is set forth below:

///

**Album CMI**



45. Plaintiffs are informed and believe and now allege that "All Hour Cymbals," and each of its individual tracks, including "Sunrise" as distributed physically, online, and on streaming platforms, contained CMI, including but not limited to embedded metadata and/or other metadata identifying the album, each song therein, and identifying Plaintiffs as author and owner of the works.

46. Plaintiffs are informed and believe and now allege that Defendants, in the course of using portions of "Sunrise" in "Pray for Me," violated 17 U.S.C. §1202 by intentionally removing and/or altering the CMI attached to Plaintiffs' work and then by distributing "Pray for Me" with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law. None of the materials, physical or digital, distributed by Defendants identify Plaintiffs, or any of them, as authors of the material incorporated in "Pray for Me."

47. Plaintiffs are informed and believe and now allege that Defendants distributed and publicly performed material from "Sunrise" knowing that they had

mislabeled and/or fraudulently included improper CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title. Specifically, Defendants distributed "Pray for Me" under their own name and title.

48. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

49. Plaintiffs are informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiffs resultantly seek enhanced damage and penalties.

<u>Prayer for Relief</u>

(Against All Defendants, and Each)

With Respect to Each Claim for Relief, Plaintiffs demand judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiffs' copyrights in and to Plaintiffs' copyrighted sound recordings;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiffs' copyrights in and to Plaintiffs' copyrighted sound recordings;

c. For a constructive trust to be entered over any recordings, videos

reproductions, files, online programs, and other material in connection with "Pray for Me," and all revenues resulting from the exploitation of same, for the benefit of Plaintiffs;

d. That Plaintiffs be awarded all profits of Defendants, and each, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiffs' actual damages and lost profits;

f. That Plaintiffs be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 and 17 U.S.C. § 1203;

g. That Plaintiffs be awarded pre-judgment interest as allowed by law;

h. That Plaintiffs be awarded the costs of this action; and

i. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated:      February 24, 2020                    Respectfully Submitted,
            Brooklyn, New York

                                                 DONIGER / BURROUGHS

                                           By: _____
                                                 Scott Alan Burroughs
                                                 scott@donigerlawfirm.com
                                                 Laura M. Zaharia
                                                 lzaharia@donigerlawfirm.com
                                                 231 Norman Avenue, Suite 413
                                                 Brooklyn, New York 11222
                                                 (310) 590-1820
                                                 *Attorneys for Plaintiffs Yeasayer,*
                                                 *LLC and We Are Free, LLC*

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tingle*

Acting United States Register of Copyrights and Director



Registration Number

## SR 836-572

**Effective Date of Registration:**
March 14, 2019

---

## Title
_____

|  |  |
|---|---|
| **Title of Work:** | Sunrise |
| **Title of Larger Work:** | All Hour Cymbals |

## Completion/Publication
_____

|  |  |
|---|---|
| **Year of Completion:** | 2007 |
| **Date of 1st Publication:** | October 23, 2007 |
| **Nation of 1st Publication:** | United States |

## Author
_____

|  |  |
|---|---|
| **Author:** | Anand Wilder |
| **Author Created:** | sound recording |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

|  |  |
|---|---|
| **Author:** | Chris Keating |
| **Author Created:** | sound recording |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

|  |  |
|---|---|
| **Author:** | Ira Wolf Tuton |
| **Author Created:** | sound recording |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

|  |  |
|---|---|
| **Author:** | Luke Fasano |
| **Author Created:** | sound recording |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

## Copyright Claimant
_____

| | |
|---|---|
| **Copyright Claimant:** | We Are Free, LLC |

**Transfer statement:** 61 Greenpoint Ave., Suite 508, Brooklyn, NY, 11222, United States
By written agreement

## Rights and Permissions

**Organization Name:** We Are Free, LLC
**Name:** Jason Foster
**Email:** jason@wearefree.com
**Telephone:** (443)415-8421
**Address:** 61 Greenpoint Ave.
Suite 508
Brooklyn, NY 11222 United States

## Certification

**Name:** Scott Alan Burroughs
**Date:** March 11, 2019