April 23, 2020

**DELIVERED VIA ECF**

Honorable Lorna G. Schofield
40 Foley Square
New York, NY 10007

        Case Title:      *Yeasayer, LLC, et al. v. Tesfaye, et al.;*
                                     1:20-cv-01608-LGS
        Re:               Joint Letter – Case Management Plan

Your Honor:

      Plaintiffs Yeasayer, LLC ("Yeasayer") and We Are Free, LLC ("WAF") (collectively, "Plaintiffs") and defendants Abel Makkonen Tesfaye ("Tesfaye"), Adam King Feeney ("Feeney") and UMG Recordings, Inc. ("UMG") (collectively, "Defendants") write jointly to provide the information required by the Court's Notice of Pretrial Conference for use at the April 30, 2020 conference. The parties' respective positions are as follows:

      **1.**      **Brief Description of the Case**

      <u>Plaintiffs:</u>

      Plaintiffs Yeasayer and WAF produced, released, and distributed an original music album entitled "All Hours Cymbals" which included the track "Sunrise" (the "Subject Work") and was registered with the U.S. Copyright Office. The Subject Work includes a recording of a distinctive choral performance, which Plaintiffs created and recorded using their own voices. The Subject Work is unique, comprised of male voices singing in their highest registers, with animated, pulsing vibrato, and developed via distinctive audio post-processing. The Subject Work was widely distributed on CD and vinyl and available on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube. The Subject Work and "All Hours Cymbals" also contained copyright management information ("CMI") in the form of text and metadata identifying Yeasayer and WAF as the authors and owners of the Subject Work.

      Following Yeasayer and WAF's distribution, Defendants and other named defendants who have not yet appeared accessed the Subject Work, copied substantial portions of its sound recording, and incorporated unauthorized portions of the work in their song titled *Pray for Me* (the "Accused Work"). Defendants marketed, sold, performed, monetized, and otherwise exploited the Accused Work for commercial gain without Yeasayer and WAF's consent. And in doing so, Defendants removed or altered Yeasayer and WAF's CMI. This violated Yeasayer and WAF's exclusive rights in their work under 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, and create derivative works from their original material, and under 17 U.S.C. § 1202.

Defendants:

Plaintiffs assert against Defendants and other named defendants who not yet appeared, claims for infringement of a sound recording copyright and removal or alteration of Content Management Information ("CMI"). Specifically, Plaintiffs allege that the sound recording *Pray For Me*, which features the performances of Mr. Tesfaye (p/k/a The Weekend) and defendant Kendrick Lamar Duckworth (p/k/a Kendrick Lamar), "extracted" Plaintiffs' recording of a short choral performance in Plaintiffs' sound recording titled, *Sunrise*. Complaint at 4, ¶¶ 16-20. Sound recordings and musical compositions have their own separate copyrights (17 U.S.C. § 102(a)(2) & (7)) and Plaintiffs sue only on their registered sound recording copyright. *Id.* at Exh. A.

Defendants strenuously dispute Plaintiffs' claims and believe that expert discovery will quickly make abundantly clear that *Pray For Me* does not copy *Sunrise*. That is so because, to pursue their sound recording claims, plaintiffs must prove that *Pray For Me* recaptures actual sounds in *Sunrise*. *See Agee v. Paramount Commc'ns, Inc.*, 59 F.3d 317, 321 (2d Cir, 1995) (sound recording copyright protects against the "*recapture the actual sounds fixed in the recording.*" (quoting 17 U.S.C. § 114(b)) (emphasis in original). Because expert testimony will confirm whether or not *Pray For Me* recaptures actual sounds in *Sunrise*, Defendants believe that discovery should be bifurcated with a short initial phase of approximately two months in which the parties pursue and complete sound recording expert disclosures and discovery, so that if the initial phase does not result in the dismissal or settlement of Plaintiffs' claims, Defendants may bring an early motion for summary judgment. Bifurcation and an early determination of whether *Pray For Me* does in fact recapture sounds from *Sunrise* will render unnecessary all other discovery, including intrusive discovery as to revenues, costs, and profits associated with *Pray For Me*.

2. **Jurisdiction**

Plaintiffs:

This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Laws of the United States. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

3. **Motion and Other Applications**

Plaintiffs:

Plaintiffs contemplate filing a motion for summary judgment on the issue of liability after the close of fact discovery.

Defendants:

There are no pending motions. As stated above, Defendants will ask the court at the parties' status conference to permit early sound recording expert discovery that Defendants expect will establish that *Pray For Me* does not recapture actual sounds in *Sunrise*. If such discovery does not resolve the case, Defendants anticipate moving for summary judgment on the issue of copying.

**4.    Discovery**

Plaintiffs:

The parties have exchanged sound files and intend to submit a protective order shortly. The parties have also submitted a proposed Case Management Plan. Because of the parties' different views as to the complexity of the case and when musicological expert disclosures and discovery should occur, the parties have proposed different dates for Sections 8, 9 and 13 of the proposed Case Management Plan, provided below. Those dates are left blank in the proposed Case Management Plan pending the April 30, 2020 conference with the Court. The parties have also discussed the possibility of extending the dates by an additional 45-60 days based on whether the COVID-19 crisis continues. And in light of the current COVID-19 crisis, the parties have stipulated to e-service and conducting depositions by video conference, in a manner to be determined.

Defendants:

No discovery has yet taken place. Defendants believe the early sound recording expert disclosures and discovery will be determinative, as described above.

Parties' Proposed Dates:

|  | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Early sound recording expert initial disclosures to be served by |  | May 29, 2020 |
| Early sound recording expert rebuttal disclosures to be served by |  | June 19, 2020 |
| Early sound recording expert depositions to be completed by |  | July 10, 2020 |
| Section 8 – Fact Discovery |  |  |
| a. All fact discovery shall be completed by: | August 28, 2020 | October 30, 2020 |
| b. Initial requests for production to be served by: | May 8, 2020 | August 14, 2020 |
| c. Responsive documents shall be produced by: | June 12, 2020 | September 11, 2020 |
| d. The parties anticipate e-discovery. |  |  |
| e. Depositions pursuant to Fed. R. Civ. P. 30, 31 | August 28, | November 13, 2020 |

| | | |
|---|---|---|
| shall be completed by: | 2020 | |
| f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by: | July 29, 2020 | October 16, 2020 |
| Section 9 – Expert Discovery | | |
| a. The parties anticipate using musicology experts, and defendants anticipate using sound recording experts and allocation experts. | | |
| b. All expert discovery shall be completed no later than: | October 12, 2020 | [see above as to proposed early sound recording expert disclosures and discovery] |
| c. The parties shall meet and confer on a schedule for expert disclosures by: | July 29, 2020 | July 29, 2020 [depending on whether the Court provides for early sound recording expert disclosures, meet and confer by this date as to either (1) non-sound recording experts or (2) all categories of experts] |
| Section 13 – Status Letters and Conferences | | |
| a. By _____ the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2. | June 29, 2020 | September 8, 2020, if the Court provides for early sound recording expert disclosures, and July 29, 2020, if the Court does not |
| b. By _____ the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 | September 11, 2020 | November 13, 2020, if the Court provides for early sound recording expert disclosures, and September 11, 2020, if the Court does not |
| c. On ___ at _A.M. [usually 14 days after the close of all discovery], a pre-motion conference will be held for any anticipated dispositive motions. | October 26, 2020 | November 20, 2020 |

**5.    Computation of Damages**

Yeasayer and WAF seek to recover actual damages, any profits realized by the Defendants, for each act of willful copyright infringement, and their costs and attorney's fees under 17 U.S.C. § 505.

**6.    Prior Settlement Discussions and Alternate Dispute Resolution**

Plaintiffs:

The parties have not yet exchanged settlement positions. The parties have discussed alternate dispute resolution mechanisms and believe that a settlement conference before a Magistrate Judge at an early juncture in the case would be beneficial.

Defendants':

There have been no settlement discussions, and Defendants believe that a settlement conference would most likely be productive after sound recording expert disclosures and discovery, if those disclosures and discovery do not result in the dismissal or resolution of the case.

**7.    Additional Information**

There is none at this time.

Respectfully submitted,

By:   */s/ Scott Alan Burroughs*  
　　　Scott Alan Burroughs  
　　　Laura M. Zaharia  
　　　DONIGER / BURROUGHS  
　　　For the Plaintiffs  

By: */s/ Peter Anderson*  
　　Peter Anderson (*pro hac vice* admission pending)  
　　Adam Rich  
　　DAVIS WRIGHT TREMAINE LLP  
　　For Defendants UMG Recordings, Inc., Adam King Feeney and Abel Makkonen Tesfaye