UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Yeasayer, LLC, et al.,

                            Plaintiff(s),

           -v-

Abel Makkonen Tesfaye, et al.,
                            Defendant(s).
------------------------------------------------------------------X

20 Civ. 1608 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __x__]

    b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No __X__]

    c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __X__]

    d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__]

Revised November 9, 2018

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have _____ / have not  x  ] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   The parties intend to submit a protective order and exchange copies of their respective works.

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   __(i) a settlement conference before a Magistrate Judge__
   _____

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   Plaintiffs recommend mediation after the close of fact discovery. Defendants recommend mediation after (1) the close of an initial phase of sound recording expert disclosures and discovery, if the Court orders that initial phase, or (2) the close of expert discovery, if an initial phase of sound recording expert discovery is not ordered.

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after __July 29, 2020__ without leave of Court.

6. Amended pleadings may be filed without leave of Court until __July 29, 2020__.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __May 6, 2020__ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery        See parties' joint letter for proposed dates for this section.

   a. All fact discovery shall be completed no later than __July 10, 2020__.
   *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   The fact discovery deadline is limited to discovery in aid of the expert discovery referenced in paragraph 9.

      b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____.

      c.      Responsive documents shall be produced by _____.
Do the parties anticipate e-discovery?  [Yes __x__ / No _____]

      d.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____.

      e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

      f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____.

      **g.      Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.      Expert Discovery [if applicable]      See parties' joint letter for proposed dates for this section.

      a.      Anticipated types of experts if any:

*early sound recording expert initial disclosures to be served by May 29, 2020.  Early sound recording expert rebuttal disclosures to be served by June 19, 2020.  Early sound recording expert depositions to be completed by July 10, 2020*

The parties anticipate using musicology experts. Defendants also anticipate a sound recording expert and experts as to the allocation of profits per 17 U.S.C. § 504(b).

      b.      If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ___July 10, 2020_____.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

      c.      If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.     This case [is __x__ / is not _____] to be tried to a jury.

11.     Counsel for the parties have conferred and their present best estimate of the length of trial is ___4-5 days_____.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

The parties request a separate phase of expert discovery as set forth in the parties' joint letter.
The parties will meet and confer on issues about disclosure, discovery, or preservation of electronically stored information at the time of production.
The parties intend to seek a protective order.

13. Status Letters and Conferences        See parties' joint letter for proposed dates for this section.

   a. By __June 4, 2020__ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b. By _____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On _____ at _____A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

   By July 17, 2020, the parties shall submit a joint status letter describing how they wish to proceed. The letter shall state whether the parties wish to schedule a settlement conference, continue with discovery, or proceed file pre-motion letter(s).

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

   ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: April 30, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

_____    _____

_____    _____

_____    _____

5